IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| TABITHA MICHELLE HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-063 |
| | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff applied for SSI on July 6, 2017, and she alleged a disability onset date of November 1, 2007. Tr. ("R."), pp. 216-24. She had previously been awarded SSI on an application dated January 11, 2008, (R. 189-202, 242), based on intellectual disability and having

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Kilolo Kijakazi, Acting Commissioner of Social Security Administration, as the proper Defendant.

rods in her back for scoliosis, (R. 57, 82; doc. no. 20-1), but those benefits ceased when she went to prison in 2015, (R. 57, 82, 150).

Plaintiff was twenty-four years old at her alleged disability onset date and was thirty-six years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 26, 215, 241. As with her previously approved SSI application, Plaintiff alleged disability in the post-incarceration SSI application currently under consideration based on intellectual disability and scoliosis treated with rods in her back. R. 57, 59, 82, 245. Plaintiff completed high school, taking regular and special education classes, and she earned a special education diploma. R. 231-40, 327. Plaintiff previously worked as a dish washer and server at a nursing home, as well as a stocker a grocery store, (R. 246), but none of the limited work qualified as past relevant work under the social security regulations, (R. 25).

The Social Security Administration denied Plaintiff's 2017 application initially and on reconsideration. R. 84-125. Plaintiff requested a hearing before an ALJ, (R. 143-45), and the ALJ held a hearing on August 22, 2019. R. 53. Represented by counsel, Plaintiff appeared and testified, as did a vocational expert. R. 53-83. At the hearing, counsel informed the ALJ he had requested a copy of the favorable 2008 decision so he could learn the basis for the prior award, but had not received it. R. 57-58; see also R. 321 (pre-hearing request for prior favorable SSI decision). The record for the current appeal upon which the ALJ bases his decision contains the notice of award dated May 14, 2008, but not the basis for the award. R. 37-50. The Office of Hearing Operations of the Social Security Administration provided counsel with a copy of the Disability Determination and Transmittal on October 19, 2021. (Doc. no. 20, p. 1.) That

determination reveals Plaintiff's disability began on January 11, 2008, and was awarded under Listing 12.05C base on mental retardation and curvature of spine.[2] (Doc. no. 20-1.)

On September 25, 2019, the ALJ issued an unfavorable decision on the 2017 application. Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since July 6, 2017, the application date. (20 C.F.R. § 416.971 *et seq*.).

2. The claimant has the following severe impairments: curvature of the spine; asthma; anxiety disorder; persistent depressive disorder with pure dysthymic syndrome; and borderline intellectual functioning. (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a)[4] with the following additional limitations: she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs but never climb ladders, ropes, or scaffolds. The claimant can occasionally work at unprotected height[s] and around hazardous machinery. She can have occasional[] exposure to dusts, odors, fumes, pulmonary irritants, and extreme cold/heat. In addition, the claimant

---

[2]Effective September 3, 2013, the term "mental retardation" was replaced with intellectual disability in the Listings. Change in Terminology: "Mental Retardation"to "Intellectual Disability," 78 Fed. Reg. 46499-01 (codified at 20 C.F.R. Parts 404 and 416).

[3]The ALJ considered the following Listings: Listing 1.04, Disorders of the spine; Listing 3.03, Asthma, and mental disorder Listings 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), and 12.11 (Neurodevelopmental disorders). R. 18-20.

[4]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

      can understand, remember[], and carry out simple, routine, and repetitive tasks and she is able to perform simple work-related decisions. The claimant has no past relevant work. (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including fishing reel assembler, assembler, and final parts assembler. (20 C.F.R. §§ 416.969 and 416.969a). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since July 6, 2017, the date the application was filed. (20 C.F.R. § 416.920(g)).

R. 17-26.

When the Appeals Council denied Plaintiff's request for review, (R. 1-5), the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred by (1) concluding Plaintiff's intellectual disorder was not a medically determinable impairment; (2) failing to evaluate Plaintiff's mental impairments under Listing 12.05; and (3) determining Plaintiff has a high school education. See doc. no. 17 ("Pl.'s Br."); doc. no. 19 ("Reply Br."); doc. no. 20 ("Suppl. Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

**II.  STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence,

4

or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

III.     **DISCUSSION**

The case should be remanded because the ALJ failed to evaluate Plaintiff's mental impairments under Listing 12.05, the basis upon which she had previously been awarded benefits and upon which counsel specifically requested consideration at the administrative hearing.

    A.     **Evaluation of Listings at Step Three**

At step three of the sequential evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that her condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014); Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). In order to show that her impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 416.920(d).

Listing 12.05 addresses Intellectual disorders. Plaintiff argues the ALJ failed to consider Listing 12.05B, (Pl.'s Br., pp. 10-12), which requires certain IQ scores and significant deficits in

6

adaptive functioning as evidenced by an extreme limitation in one, or marked limitation in two, of four designated areas of mental functioning, as well as demonstration the disorder began prior to age 22.  20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05.

### B. The ALJ's Decision Is Silent as to Listing 12.05

Although raised in pre-hearing correspondence and again at the hearing with the ALJ, there is absolutely no mention of Listing 12.05 in the ALJ's written opinion.  The omission is even more glaring in light of the disclosure at the hearing that Plaintiff had previously been awarded benefits under Listing 12.05, and the information in the Disability and Determination Transmittal - which was apparently in the possession of the Social Security Administration at the time of the 2019 written decision but not produced until approximately two years later - confirming benefits had been awarded under a prior version of Listing 12.05.  Moreover, in the Psychiatric Review Technique Assessment dated October 26, 2017, the notes reviewing past records state:  "Clmt meets 12.05C. Mild MR plus additional sig impairments due to psych conditions."[5]  R. 93   The Commissioner ignores this evidentiary gap and conducts her own post-hoc review of the record to explain why the record does not support a finding that Plaintiff meets Listing 12.05.  Comm'r's Br., pp. 7-11.  The Commissioner provides no argument on whether Plaintiff's impairments equal Listing 12.05 because she contends Plaintiff has waived any equivalency argument.  Id. at 7, n.3.  The Commissioner's arguments are unpersuasive for multiple reasons.

First, the waiver argument fails.  Plaintiff points out in her opening brief that the ALJ's decision makes no reference to Listing 12.05 and argues, "The ALJ ignored and

---

[5]John Petzelt, Ph.D, signed the medical opinion. R. 93. Dr. Petzelt's assessment is specifically referenced by the ALJ, (R. 23-24), but the discussion does not acknowledge the 12.05 reference.

refused to consider evidence of intellectual disability." Pl.'s Br, p. 15. Plaintiff continues, "As such, the ALJ committed an error of law in failing to evaluate the intellectual disability at Step 3 of the sequential evaluation process, and the ALJ's Unfavorable Decision is not based on substantial evidence because of the failure to evaluate whether [Plaintiff] **met or equaled** a Listed impairment." Id. (emphasis added). The argument has been raised that the ALJ erred in failing to evaluate whether Plaintiff met or equaled Listing 12.05.

Second, at the administrative hearing, counsel clearly raised the evidentiary gap concerning the basis for the prior SSI award of benefits. He informed the ALJ that a copy of the prior Disability Determination had been requested "in order to learn what was the basis for the decision." R. 57. Counsel also argued that "essentially the basis for the claim is the learning disability," (R. 57), and emphasized the existence of a qualifying full scale IQ score, along with a combination of other impairments that are claimed to prevent work, (R. 57-59, 82). Counsel sought the requisite information from the Social Security Administration, and prior to, as well as during, the administrative hearing, made the ALJ aware of missing information that was directly relevant to Plaintiff's current application.

No doubt, a claimant has the burden of proving her disability and is responsible for providing evidence in support of her claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Nevertheless, the ALJ has a duty to develop a full and fair record. Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984); George v. Astrue, 338 F. App'x 803, 805 (11th Cir. 2009) (*per curiam*); Jenkins v. Colvin, No. CA 2:12-00465-N, 2013 WL 3465190, at *3 (S.D. Ala. July 10, 2013) (collecting cases). The ALJ has a duty to develop a record that contains sufficient evidence to make an informed decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253,

8

1269 (11th Cir. 2007). When deciding whether remand is appropriate for development of the record, the Court should consider whether there are evidentiary gaps resulting in unfairness or clear prejudice. Salazar v. Comm'r of Soc. Sec., 372 F. App'x 64, 67 (11th Cir. 2010) (*per curiam*). Here, the Court finds clear prejudice in that there was information apparently in the possession of the Social Security Administration showing Plaintiff had previously been awarded benefits based, at least in part, on intellectual disability, (doc. no. 20-1), but the ALJ did not complete the record to identify the basis for the award. Not only did he fail to complete the record, but he failed to even mention Listing 12.05.

Third, the Commissioner goes to great lengths to show that even if the ALJ had discussed Listing 12.05, Plaintiff cannot meet the requirements. Comm'r's Br. pp. 7-11. However, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application. However, in the absence of *any* reference to Listing 12.05 by the ALJ, the Court cannot affirm the

9

administrative decision as supported by substantial evidence. See Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985) (*per curiam*) (noting in absence of ALJ stating specifically the weight accorded each item of evidence and why decision was reached, it is impossible for reviewing court to determine whether ultimate decision on the merits is rational and supported by substantial evidence). As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") For the same reason that the Court declines to adopt the Commissioner's post-hoc evaluation of Plaintiff's alleged inability to satisfy the requirements of Listing 12.05, the Court also declines to adopt Plaintiff's evaluation of the import of the information in the newly-discovered 2008 Disability Determination to resolving the Commissioner's parsing of the ALJ's findings that Plaintiff's "borderline intellectual functioning" is a medically determinable impairment but her "intellectual disorder" is a non-medically determinable impairment. Cf. R. 17, 21-24 with R. 18; see also Comm'r's Br., pp. 4-7. Any discrepancy should be addressed in the first instance on administrative review at the agency level.

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that

the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 3rd day of November, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA